UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**COMMISSARIAT A L'ENERGIE ATOMIQUE,**

    **Plaintiff,**

v.                                           Case No. 8:06-mc-44-T-30TBM

**SAMSUNG ELECTRONICS CO., LTD,**
**et al.,**

    **Defendants.**

_____/

## O R D E R

THIS MATTER is before the court on **Non-Party Jabil's Motion to Quash Subpoena or Alternatively Motion for Protective Order and Memorandum of Law** (Doc. 1). Plaintiff Commissariat A L'Energie Atomique (hereinafter "CEA") filed a response in opposition and a cross-motion to compel (Doc. 4). A telephone hearing on the motions was conducted on June 13, 2006.

By its motion, non-party Jabil Circuit, Inc. (hereinafter Jabil), seeks an order quashing a subpoena issued by Plaintiff in connection with a patent infringement action pending in the District Court of Delaware. The subpoena seeks, among other things,

> All documents reflecting, referencing, relating or including the terms of all contracts, agreements, business arrangements, statements of work, and/or work authorizations, formal or informal, written or oral, pursuant to or as a result of which Jabil performs or has performed inspection, diagnostic, repair, restoration, refurbishment, reassembly, rebuilding, testing, and/or other services on LCD

>Display Products manufactured in whole or in part by CMO, AUO, or Samsung.

(Doc. 1-2 at 8, ¶ 1).  As grounds, Jabil argues that the subpoena is overly broad in scope and imposes an undue burden and expense on Jabil; it demands the disclosure of privileged and protected documents; it demands the disclosure of trade secrets and other confidential research, development, and commercial information; the documents sought concern and are readily available from AU Optronics Corp. (hereinafter "AUO"), Chi Mei Optoelectronics Corp. (hereinafter "CMO"), and Samsung Electronics Co. Ltd., who are party defendants to the action.  Jabil contends that documents responsive to the subpoena may number in the hundreds of thousands and would require significant resources to locate, identify, review, redact, and produce.  Additionally, Jabil contends that any such responsive documents, as well as individuals competent to provide testimony concerning those documents, are located in Texas and/or Scotland.

By its response (Doc. 2) and cross-motion to compel (Doc. 4), CEA argues that the subpoena complies fully with the requirements of Rule 45; imposes no undue burden or expense on Jabil; and seeks documents relevant to its claims that CMO and perhaps other defendants imported, sold, and used their products in the United States.  More specifically, CEA indicates that it has learned that CMO worked with repair and service centers in the United States, including an entity called Incline Global Technology Services, Inc. (hereinafter "Incline"); AUO shipped modules to Incline in 2004; and Jabil acquired an ownership interest in Incline in late 2005 and has taken over Incline's United States repair service center operations.  CEA advises that despite extensive discovery conducted between the parties, the

Defendants have refused or been unable to provide the information sought. CEA clarified that it seeks only a sampling of these documents, which it believes will reveal the presence and servicing of Defendants' products in the United States.

As reflected in email communications between counsel, CEA has offered to limit the scope of production and reimburse Jabil for reasonable copying fees, but this offer was rejected by Jabil. See (Doc. 2-2 at 21-23). At the hearing, CEA indicated that it was further willing to take the deposition in Texas and limit its duration to a half-day.

Rule 45 governs discovery of non-parties by subpoena. Fed. R. Civ. P. 45. If an objection is made, the party serving the subpoena is not entitled to the documents at issue but may, upon notice to the person commanded to produce, seek an order to compel the production. Fed. R. Civ. P. 45(c)(2)(B). The scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules. Fed. R. Civ. P. 45 advisory committee's note to the 1970 Amendments. While Rule 45 does not include relevance as an enumerated reason for quashing a subpoena, it is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34. As such, a court must examine whether a request contained in a subpoena duces tecum is overly broad or seeks irrelevant information under the same standards set forth in Rule 26(b)[1] and as applied

---

[1] Rule 26(b)(1) provides in pertinent part:
> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

to Rule 34 requests for production. See id. ("[t]he changes make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."); see also 9A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 2459 (2d ed. 1995) (scope of discovery through a subpoena is "exceedingly broad" and incorporates the provisions of Rule 26(b) and Rule 34).

Upon consideration, the court finds that Plaintiff has adequately demonstrated a need for some discovery from Jabil.  However, the scope of the original subpoena appears entirely overly broad and unduly burdensome, especially given Jabil's non-party status and the circumstances addressed at the hearing.  Given the limited reasons Plaintiff offers for its need of such discovery, the court hereby directs Jabil/Incline to produce documents reflecting any agreements or statements of work between Incline . . . or Jabil and any of the Defendants (meaning AUO, CMO or Samsung) concerning the repair of LCD modules, but particularly of VA mode modules from 2001 and forward.  (Doc. 4-8 at 2).  Jabil/Incline is further directed to produce for a half-day deposition in Texas an individual or individuals most knowledgeable of its business dealings with the three Defendants.  The court finds that such limited production and oral testimony is adequate to support CEA's efforts to prove its claims and disprove the Defendants' defenses without undue burden and expense to Jabil/Incline.

Any document production is hereby made subject to the terms of any operative confidentiality agreement and/or operative protective order in the underlying case.  Sanctions sought for a breach of any operative confidentiality agreement and/or operative protective order in connection with documents hereby ordered produced may be pursued in this court or

in the District of Delaware.  Jabil may redact, subject to review by this court, proprietary or confidential business information from the documents produced under this order.  The discovery directed by this order shall not occur until the court in the District of Delaware has ruled on the pending motion to abate non-party or third party discovery.

Accordingly, it is **ORDERED** that **Non-Party Jabil's Motion to Quash Subpoena or Alternatively Motion for Protective Order and Memorandum of Law** (Doc. 1) is **GRANTED** to the extent set out herein.  Such production as is required by this Order shall be made within twenty (20) days of the date of this Order.  In all other respects, the motion is **DENIED**.  **Commissariat Á L'Energie Atomique's Motion to Compel Third Party Jabil to Appear at Depositions and to Produce Documents Pursuant to Subpoena in a Civil Case** (Doc. 4) is **DENIED as moot**.

**Done and Ordered** in Tampa, Florida, this 14th day of June 2006.

_____
THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record